UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMIE GISCLAIR | CIVIL ACTION |
| VERSUS | NUMBER: 24-1298 |
| SOCIAL SECURITY ADMINISTRATION | SECTION "R" (5) |

## REPORT AND RECOMMENDATION

Plaintiff, Jamie Gisclair, filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"). For the following reasons, **IT IS RECOMMENDED** that Plaintiff's brief (rec. doc. 9) be **REJECTED**, the Commissioner's brief (rec. doc. 16) be **ADOPTED**, and Plaintiff's case be **DISMISSED WITH PREJUDICE**.

I.  BACKGROUND

Plaintiff filed his original application for DIB on February 22, 2022, alleging a disability onset date of September 10, 2021. (Adm. Rec. at 77). Plaintiff alleged disability due to back issues, neck issues, and severe joint pain in his hands. (*Id.* at 200). Plaintiff, born on June 15, 1969, was 52 years old on the date he alleged onset of disability and 53 years old on the date he filed his application. (*Id.* at 77). Plaintiff has a high-school education, and he has past work experience as a deckhand for a tugboat company and a mechanic for a powerline contract business. (*Id.* at 201).

Defendant initially denied Plaintiff's application on July 26, 2022 and on reconsideration on December 6, 2022. (*Id.* at 85-86, 95-96). Plaintiff sought an administrative hearing, which took place on July 6, 2023 before an Administrative Law Judge

("ALJ"). (*Id.* at 30-61). Plaintiff, who was represented by counsel, and Deborah Robichaux, a vocational expert ("VE"), testified at the hearing.

On November 22, 2023, the ALJ issued an unfavorable decision, finding Plaintiff not disabled through the date of the decision. (*Id.* at 15-25). In that decision, the ALJ concluded that Plaintiff has the severe impairments of multi-level degenerative disc disease, arthropathy of the spine with radiculopathies, and right hand arthropathy status post-amputation of distal fourth finger. (*Id.* at 18). The ALJ held that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled a listed impairment under the regulations. (*Id.* at 19). The ALJ found that Plaintiff retains the residual functional capacity ("RFC") to perform light work except that he can only frequently climb, stoop, kneel, crouch, and crawl. (*Id.*). In addition, he is further limited to no more than frequent reaching, handling, and fingering. (*Id.*). The ALJ determined that Plaintiff is capable of performing his past relevant work as a captain of a fishing vessel. (*Id.* at 23).

Plaintiff appealed the ALJ's decision to the Appeals Council, which denied his appeal on March 29, 2024. (*Id.* at 1-6).

## II.  STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Carriere v. Sullivan*, 944

F.2d 243, 245 (5th Cir. 1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues de novo, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey*, 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).

## III. ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, Plaintiff must show an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered disabled only if a physical or mental impairment is so severe that the claimant is unable not only to do previous work, but cannot, considering age, education and work experience, participate in any other kind of substantial gainful work that exists in significant volume in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if she or he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must

> not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Id.* at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999)). If the ALJ determines that a Plaintiff is not disabled under step five of the five-part test, the Commissioner must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step five also requires the Commissioner to use the medical-vocational guidelines to make a disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## IV. ISSUE ON APPEAL

While Plaintiff lists four issues on appeal, the Court finds that there is one overarching issue about which Plaintiff complains: Whether the ALJ applied the proper legal standards and whether substantial evidence supports his RFC assessment.

## V. ANALYSIS OF THE ISSUES ON APPEAL

### (1) Whether the ALJ applied the proper legal standards and whether substantial evidence supports his RFC assessment.

Plaintiff's broad complaint concerns the ALJ's RFC assessment that he can perform light work with limitations. Plaintiff maintains that the ALJ failed to comply with Agency policies and procedures, specifically Social Security Ruling ("SSR") 16-3p and Hallex I-2-5-69(B)(1). An RFC determination describes the most an individual can still do despite his limitations. 20 C.F.R. § 404.1545(a)(1). It is an administrative assessment made by the ALJ based on the totality of the evidence in the record. 20 C.F.R. §§ 416.945(a)-(e); 416.946. To assess a claimant's RFC, the ALJ must consider all the evidence in the record, including the limiting effects of all documented impairments, regardless of whether those impairments are severe or non-severe. *Id.* § 404.1545(a)(1-3). Also, when making the assessment, the ALJ should consider medical assessments, descriptions by physicians, descriptions by the claimant, and any other evidence that shows any limitations on the claimant's ability to work. *Hollis v. Bowen*, 837 F.2d 1378, 1386-87 (5th Cir. 1988 (citation omitted)). The relative weight given to the evidence contained in the record is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 & n.1 (5th Cir. 2001) (per curiam). To that end, the ALJ is not required to incorporate limitations in the RFC that he does not find to be supported in the record. S*ee Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam). Further,

under the regulations and Fifth Circuit jurisprudence, the determination of a claimant's RFC is the sole responsibility of the ALJ. *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). As noted above, the ALJ concluded that Plaintiff can perform light work as defined in 20 C.F.R. § 404.1567(b), except that he can only frequently climb, stoop, kneel, crouch, crawl, reach, handle, and finger. (Adm. Rec. at 19).

SSR 16-3p explains that "an individual's statements of symptoms alone are not enough to establish the existence of a physical or mental impairment or disability." SSR 16-3p, 2016 WL 1020935, at *1-2 (Oct. 25, 2017). The Social Security Administration issued SSR 16-3p, which eliminated the "use of the term 'credibility' from [its] sub-regulatory policy," clarifying "that subjective symptom evaluation is not an examination of an individual's character." *Id.* It instructs ALJs to determine "the extent to which . . . symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the [claimant's] record" and simply shifts the focus from a more general analysis of a claimant's truthfulness to an objective comparison of a claimant's statements to the evidence of record. *See Howard v. Berryhill*, No. 3:16-CV-318-BN, 2017 WL 551666, at *6 (N.D. Tex. Feb. 10, 2017). While SSR 16-3p explicitly superseded SSR 96-7P, "it is evident that the change brought about by SSR 16-3p was mostly semantic." *Id.* at *7 (collecting cases).

The ALJ, however, cannot ignore statements of symptoms but, rather, must evaluate them according to the two-step process set forth in SSR 16-3p: (1) consideration of "whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain;" and (2)

evaluation of "the intensity and persistence of the symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." *Id.* at **2-4. The ALJ must evaluate the symptoms experienced by the claimant by looking to the objective medical evidence, the claimant's statements, medical sources, other sources, and several other factors, including daily activities, aggravating symptoms, pain characteristics, treatment, medication, etc. *Id.* at **3-6. These "other" factors include, but are not limited to,

> 1. Daily activities;
> 2. The location, duration, frequency, and intensity of pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id.* at **7-8. In performing this evaluation, the ALJ is not, however, required to articulate expressly every regulatory factor or reason in making this determination. *See Undheim v. Barnhart*, 214 F. App'x 448, 451 (5th Cir. 2007). Further, a court must give deference to the ALJ's evaluation of the plaintiff's subjective complaints if it is supported by substantial evidence. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

By citing SSR 16-3p, Plaintiff appears to raise the argument that the ALJ erred when he determined that Plaintiff's subjective complaints were not credible and not supported by the objective medical evidence in the record. "RFC determinations are inherently intertwined with matters of credibility, and the ALJ's credibility determinations are generally entitled to great deference." *Acosta v. Astrue*, 865 F. Supp. 2d 767, 790 (W.D. Tex.

2012) (citing *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000)) (internal quotation omitted).

In his opinion, the ALJ rejected Plaintiff's claims of persistent and deliberating pain and stated:

> In sum, the above residual functional capacity assessment is supported by the objective medical evidence contained in the record. The claimant's statements about the intensity, persistence, and limiting effects of symptoms are not entirely consistent with the objective medical evidence and the other evidence of record. The conservative treatment received, ability to ambulate normally, and only slightly reduced strength does not correlate to the claimant's assertions that he is precluded from all work activity. The record does show the claimant has been evaluated and treated for his severe impairments and takes a number of medications, the objective clinical and laboratory diagnostic findings reported by his medical providers do not support the limitations he alleges, or otherwise establish functional limitations that would preclude the range of light exertion called for in the residual functional capacity.

(Adm. Rec. at 22). The ALJ amply supported this conclusion with substantial objective medical evidence from the record as outlined below.

The ALJ considered the report of Scott Sondes, M.D., a consultative physician who evaluated Plaintiff in June 2022. (*Id.* at 22, 473-477). As the ALJ noted, at Sondes's examination, Plaintiff ambulated without an assistive device and had a normal gait. (*Id.* at 22, 477). Plaintiff also did the following without difficulty: move on and off the examination table; squat; bend; stoop; turn a doorknob; pick up coins; and perform heel and tiptoe walking. (*Id.* at 22, 477). He had full grip strength bilaterally and a full range of motion in all joints. (*Id.* at 22, 473, 477). Plaintiff's straight-leg raise test was negative bilaterally, and an examination of his cervical, thoracic, and lumbar spines revealed no signs of radiculopathy. (*Id.* at 22, 477). His muscle bulk and tone were preserved in all four extremities; his reflexes were normal; and he had no sensory deficits. (*Id.* at 22, 477). In sum, the results of Sondes'

examination and functional assessment support the ALJ's decision. (*Id.* at 22, 473-477). Plaintiff complains that the ALJ ignored his subjective complaints about back problems, but Plaintiff's subjective complaints are outweighed by the objective medical evidence, including Sondes's examination results, and the ALJ specifically noted this finding in the block quotation cited above. Moreover, Plaintiff fails to cite the Court to any specific objective medical evidence in the record to support his subjective complaints and/or that the ALJ did not consider.

The earlier administrative medical findings of the state agency physicians provide further support for the ALJ's RFC determination. (*Id.* at 22-23, 65, 72-73). For example, at the initial level of administrative review, Jerry Davis, M.D., opined that Plaintiff could occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday; and sit (with normal breaks) for a total of about six hours in an eight-hour workday. (*Id.* at 22, 65). Davis thus opined that Plaintiff can perform light work. (*Id.* at 22, 65); *see* 20 C.F.R. § 404.1567(b). At the reconsideration level of administrative review, Paul Wilson, M.D., concurred with Davis's findings and opinion. (*Id.* at 22, 72-73). State agency physicians are highly qualified experts in disability evaluation, and an ALJ must consider their opinions, along with the other evidence of record, as the ALJ did here. (*Id.* at 22-23, 65, 72-73); *see* 20 C.F.R. § 404.1513a(b)(1).

Plaintiff argues that the ALJ improperly sifted through the record and chose the evidence to support his findings. Plaintiff's contention is without merit. *See Hollinger v. Kijakazi*, 857 F. App'x 213, 214 (5th Cir. 2021) ("[t]here is a line between cherry-picking and

examination and functional assessment support the ALJ's decision. (*Id.* at 22, 473-477). Plaintiff complains that the ALJ ignored his subjective complaints about back problems, but Plaintiff's subjective complaints are outweighed by the objective medical evidence, including Sondes's examination results, and the ALJ specifically noted this finding in the block quotation cited above. Moreover, Plaintiff fails to cite the Court to any specific objective medical evidence in the record to support his subjective complaints and/or that the ALJ did not consider.

The earlier administrative medical findings of the state agency physicians provide further support for the ALJ's RFC determination. (*Id.* at 22-23, 65, 72-73). For example, at the initial level of administrative review, Jerry Davis, M.D., opined that Plaintiff could occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday; and sit (with normal breaks) for a total of about six hours in an eight-hour workday. (*Id.* at 22, 65). Davis thus opined that Plaintiff can perform light work. (*Id.* at 22, 65); *see* 20 C.F.R. § 404.1567(b). At the reconsideration level of administrative review, Paul Wilson, M.D., concurred with Davis's findings and opinion. (*Id.* at 22, 72-73). State agency physicians are highly qualified experts in disability evaluation, and an ALJ must consider their opinions, along with the other evidence of record, as the ALJ did here. (*Id.* at 22-23, 65, 72-73); *see* 20 C.F.R. § 404.1513a(b)(1).

Plaintiff argues that the ALJ improperly sifted through the record and chose the evidence to support his findings. Plaintiff's contention is without merit. *See Hollinger v. Kijakazi*, 857 F. App'x 213, 214 (5th Cir. 2021) ("[t]here is a line between cherry-picking and

resolving conflicting evidence, and we decline the invitation to blur that boundary"); *Ellis v. Comm'r of Soc. Sec.*, No. 4:23-CV-143-RP, 2024 WL 495949, at *2 (N.D. Miss. Feb. 8, 2024) ("That the ALJ did not specifically cite each and every piece of medical evidence considered does not establish an actual failure to consider the evidence." (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)). "The fact that the ALJ cited certain evidence that he felt supported his decision does not mean that he failed to consider all of the other evidence in the record." *Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010). Here, the ALJ stated at the outset of his opinion that he carefully considered "the entire record," (*id.* at 17), and his decision reveals that he did. (*Id.* at 15-25); *see also Ellis*, 2024 WL 495949, at *2 (rejecting plaintiff's argument that the ALJ pick and chose the evidence on which to rely simply because he failed to cite it in his opinion).

The burden rests on the claimant to produce sufficient evidence, medical and otherwise, to establish his disability. *Lewis v. Weinberger*, 515 F.2d 584, 586 (5th Cir. 1975). As a matter of course, the Commissioner's disposition of disability claims is final. *Id.* The regulations of the Social Security Administration and the case law provide for a limited measure of judicial review, but the role of the courts in the administrative process is narrow. *Id.*

The Court's duty is not to substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). The ALJ retains the sole responsibility for determining a claimant's RFC. *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); 20 C.F.R. § 404.1520b(c). Similarly, the task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). Here, the ALJ's RFC determination

is consistent with the evidence of record and constitutes an appropriate resolution of the conflicts in the evidence. *Richardson v. Perales*, 402 U.S. 389, 399 (1971). Consequently, the Court affirms the ALJ's decision.

## VI. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's brief (rec. doc. 9) be **REJECTED**, the Commissioner's brief (rec. doc. 16) be **ADOPTED**, and Plaintiff's case be **DISMISSED WITH PREJUDICE**.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 14th day of July, 2025.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE